IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JERRY E. POLLARD, D-34783,

    Plaintiff(s),

vs.

J. RODRIGUEZ, et al.,

    Defendant(s).

No. C 11-4528 CRB (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se complaint under 42 U.S.C. § 1983 alleging use of excessive force and subsequent denial of adequate medical care. Plaintiff seeks damages and injunctive relief.

## DISCUSSION

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that on or about November 30, 2010, Correctional Officer J. Rodriguez slammed him down on the ground during escorts because plaintiff could not walk as fast as the officer.  Plaintiff further alleges that, while on the ground and handcuffed, Rodriguez repeatedly pounded and twisted plaintiff's head and neck into the ground causing him injury.

Plaintiff alleges that he was taken to Natividad Hospital and treated.  But since his return to SVSP, plaintiff claims that medical staff at SVSP have refused to follow the hospital's recommendation for a specialist referral and have denied him adequate pain medication and treatment.  Plaintiff names no SVSP medical staff as a defendant, however.

Liberally construed, plaintiff's allegations state a cognizable § 1983 claim for use of excessive force against Correctional Officer J. Rodriguez.  They may also state a cognizable § 1983 claim for deliberate indifference to serious medical needs.  But in order to proceed with the latter claim, plaintiff must name a responsible SVSP medical staff member as a defendant and specifically link him or her to plaintiff's allegations of deliberate indifference to serious medical needs.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to

1  file a proper amended complaint within the designated time will result in the
2  dismissal of this action.
3       Plaintiff is advised that the amended complaint will supersede the original
4  complaint and all other pleadings.  Claims and defendants not included in the
5  amended complaint will not be considered by the court.  See King v. Atiyeh, 814
6  F.2d 565, 567 (9th Cir. 1987).
7  SO ORDERED.
8  DATED:   Feb. 22, 2012

                              CHARLES R. BREYER
                              United States District Judge

G:\PRO-SE\CRB\CR.11\Pollard, J.11-4528.dwlta.wpd

3