IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. POLLARD, D-34783, | ) |
| Plaintiff(s), | ) No. C 11-4528 CRB (PR) |
| vs. | ) ORDER OF SERVICE |
| J. RODRIGUEZ, et al., | ) |
| Defendant(s). | ) |

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), has filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging use of excessive force and subsequent denial of adequate medical care. Plaintiff seeks damages and injunctive relief.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that on or about November 30, 2010, Correctional Officer J. Rodriguez slammed him down on the ground during escorts because plaintiff could not walk as fast as the officer. Plaintiff further alleges that, while on the ground and handcuffed, Rodriguez repeatedly pounded and twisted plaintiff's head and neck into the ground causing him injury.

Plaintiff alleges that he was taken to Natividad Hospital and treated for severe cervical spine and thorax injuries. But upon his return to SVSP, plaintiff claims he was put in "the hole" and has been denied medical treatment for severe pain ever since.

Liberally construed, plaintiff's allegations state a cognizable § 1983 claim for damages for use of excessive force against Correctional Officer J. Rodriguez. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (8th Amendment proscribes use of force maliciously and sadistically to cause harm). They also state a cognizable § 1983 claim for injunctive relief for deliberate indifference to serious medical needs based on the allegation that plaintiff has been denied medical treatment for severe pain since he returned to SVSP from the hospital. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (when seeking injunctive relief, plaintiff does not have to establish same narrow causal connection between injuries and responsible defendant as when seeking damages from an individual).

/

/

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on Correctional Officer J. Rodriguez at SVSP. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the court prior to the date his motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in a motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

         d.     Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

         e.     The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

    3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

/

4

1          4.     All communications by plaintiff with the court must be served on
2  defendant, or defendant's counsel once counsel has been designated, by mailing a
3  true copy of the document to defendant or defendant's counsel.
4          5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must
5  keep the court and all parties informed of any change of address and must comply
6  with the court's orders in a timely fashion.  Failure to do so may result in the
7  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
8  SO ORDERED.
9  DATED:  June 5, 2012

                       CHARLES R. BREYER
10                        United States District Judge

G:\PRO-SE\CRB\CR.11\Pollard, J.11-4528.serve.wpd